Curtis Olafor, the plaintiff appellant Mansfield. We'd like to reserve five minutes for rebuttal. Okay. I'll let you know when you're down to five minutes. Okay. I'm going to make this brief because it appears I'm going to have a little problem here and here. In any event, we have pleased the court counsel. We have reviewed the briefs in this matter. And there's not much else that we can add. We've pretty much exhausted our argument here. But in any event, as indicated by our briefs, the thrust of this appeal is the district court's exclusion of considerable, credible evidence offered by the plaintiff. The court indicated that such evidence was borrowed by Doctrines of Race, Judicata and Clara Vestapo. We've discussed that extensively. The court found, among other things, that apparently the court found, the court's decision was extremely confusing for us, found that the... So this is a state court decision? I'm sorry, what are you referring to that's confusing? The district court's decision? I think this is going to be impossible, Your Honor. I can't hear you. I thought it might be problematical. He asked what decision was confusing. The court's order granting defendant's motion for summary judgment, particularly as it relates to its determination to exclude the undisputed, separation of undisputed facts that plaintiff presented, while including the undisputed, so-called undisputed facts that the defendant presented, all of which were presented contrary to the court's own rules. In any event, the court considered substantial evidence favorable to the defendant, which it should not have considered and excluded the credible evidence in favor of the plaintiff that it should have included. And we've discussed that in our second argument. We're not sure what the court actually did, its reasoning. I wasn't able to understand its reasoning and how or why it determined not to consider the undisputed, factual statements that we presented while accepting those of the defendant. Wasn't it clear that the court said that all those issues had already been litigated in the state court and in the workman's compensation board that had already been fully litigated and your side lost, and therefore it felt that those were matters that couldn't be litigated again? Wasn't that what the court did? That's what the court did, but the court was wrong. Why was it wrong? The court was wrong because this case alleged determination of her employment on the basis of a race and retaliation against her. At the time of this court's decision, at the time that evidence was presented in the previous matter in the state court, the plaintiff had not even been terminated from employment. She was still employed. That's right, and the magistrate judge acknowledged that and said that race judicata could not be used to block the lawsuit on the termination, but that all the underlying issues that led up to the termination had already been resolved. The magistrate, James, left open the termination but then determined that even if that were still open, that you didn't have a case because it had been previously litigated and every time you lost. But those underlying issues, that underlying evidence was not within the context of the subsequent termination of her employment, and so the court could not have considered those issues if the termination had not yet occurred. We don't understand how the court could have retroactively applied the termination to a decision made previously while the plaintiff was still employed. It seems to me that you're going to have to consider all evidence, all probative evidence that relates to the termination of employment, notwithstanding the fact that it has been presented in some other context in some other proceeding. And the basic rule of applying the doctrine of race judicata in the statute is that the issues must be identical and must have been decided in the earlier proceeding. They were not and could not have been decided in the earlier proceeding because she had not been terminated. And that pretty much indicates the thrust of this appeal. The court also, as I mentioned previously, did not exclude evidence that the defendant presented and excluded evidence that we think should have been presented. Understand the court's inquiry suggests that since this same evidence presented in the previous proceeding could not be presented again, and we're contending that it certainly can since it relates to the termination of her employment, which had not been determined by the court previously. Wasn't she terminated when she failed to come back to work? She was terminated because she was unable to come back to work because of all the things that the defendant had done to her. And those are all the things, however, that have been litigated, and in each occasion it had been determined that there was nothing actionable about them. The court was wrong again on that. There were actionable things. Subsequent to her last day of employment in May of 97, she was attempted to transfer her punitively to some other position, and subsequently they also had extended her time for medical leave off, and then when they determined after she filed administrative actions and appealed a previous decision, they terminated her employment. All of this was subsequent to the time the court had in mind, so they were not litigated. They could not have been litigated. Thank you, counsel. Thank you. Good morning, Your Honors. May it please the Court? Jill Sprague on behalf of the city and county of San Francisco. How are you? I'm good, thank you. Do you think there's anything that is not adequately covered in your brief? We believe everything is covered in our briefs, Your Honors. Again, in a nutshell, the appellant is trying to raise the ---- Apparently not. I'm sorry? Apparently not. You want to put your brief in a nutshell. Go ahead. I'll put my brief in a nutshell and then I'll sit down, Your Honors. You may not be able to sit down in that way. Go right ahead. Briefly, the appellant is trying to raise an inference of discrimination by realleging all the facts that she raised and litigated before three other tribunals, all of which held that there was no evidence of any discrimination or retaliation. It is true, though, that the termination happened after all of this stuff, right? Yes, you're right, Your Honor. Did she allege any new information that she says related to her termination that was not previously litigated? There is nothing new in the record, Your Honor, which would be related to her termination. Everything that she alleges as a discriminatory animus was litigated in the state courts and before the Workers' Compensation Appeals Court. What about the transfer that counsel referred to that he says was punitive? Yes, Your Honor. The evidence in the record is, in fact, that the transfer never occurred, for one. For two, it was part and parcel of all of the events that occurred before and on May 8, 1997, which were, in fact, litigated in the state courts and could have been litigated in the state courts. And third, there's no evidence of any animus with regard to a proposed transfer because the transfer applied to another individual, another non-African American female individual. That being said, Your Honors, I will submit our arguments on the briefs unless there are any other questions. Okay. Thank you. Thank you. As to the transfer, that did occur subsequently and no determination was made in that regard by any court. And there still remains substantial questions of fact in this matter, which the court did not even consider. And we think we were entitled to have that considered by the court. And finally, had we known that this magistrate had been a former deputy city attorney for city and county, we would have asked her to decline to hear this matter. Thank you. Okay. Thank you. The case is signed. You will stand submitted.
judges: B.fletcher, Kozinski, Trott